✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__XAVIER RYAN FRENCH__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  2:07 cr 22

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in __N.C.G.S. 14-52, 18 U.S.C. § 13__.
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ☐  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____        _____
*Date*                             *Signature of Judge*
                                   Dennis L. Howell, United States Magistrate Judge
                                   *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:07cr22

**UNITED STATES OF AMERICA,**

Vs.                                                                             **ADDENDUM TO**
                                                                                      **DETENTION ORDER**

**XAVIER RYAN FRENCH.**

_____

**I.   FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)** the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II.**                          **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence. The undersigned considers the crime of first degree burglary as a crime of violence

**(g)(2):** The weight of the evidence against the person appears to be at the level of probable cause. The grand jury has found that there is probable cause to believe that the defendant committed the act of first degree burglary. The defendant is entitled to presumption of innocence.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties and is a life-long resident in the Cherokee community. He has had some employment, but at the present time is unemployed. In regard to the defendant's abuse of controlled substances or alcohol, the defendant has been smoking marijuana and consumes beer or liquor every day, despite the fact the defendant is age 18. In regard to the defendant's criminal record regarding drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Possession of Vicadin | 09/29/05 |
| Consumption of alcohol by a 19 year old person | 06/28/07 |
| Purchasing or attempting to purchase, possess or consume alcohol | 07/20/07 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Grand larceny | 04/27/06 |
| Burglary | 04/27/06 |
| Failure to obey a lawful order of the court | 06/15/06 |

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to a charge of no operators license on January 1, 2001.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant had been charged with the crime of misdemeanor breaking or entering in Swain County District Court on July 6, 2007 and had been released

on terms and conditions of release and was subject to those terms at the time the offense alleged in the bill of indictment occurred.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a danger to any other person or the community. Based upon the foregoing findings and the evidence presented, it has been shown that the defendant committed the crime of larceny and burglary in March 2006 at a dwelling house located near to the home of his mother with whom he was residing. The defendant is now accused of again committing the crime of first degree burglary at the same dwelling house resided in by the same person on July 28, 2007. The commission of such an act, not only creates a danger of harm to any other person or the community, it creates a danger of harm to the defendant himself. To release the defendant and to allow him the opportunity to commit such a crime again would create a substantial risk of harm to the defendant and the undersigned has determined to enter an order based upon that factor and the foregoing factors as set forth under 18 U.S.C. § 3142(g) to detain the defendant based upon there being clear and convincing evidence that the release of the defendant would create a risk of harm to any other person or the community or to the defendant himself.

It does not appear from a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has always resided in the Cherokee community.

The undersigned will consult with the United States Probation Office to see if there is some treatment facility which could provide treatment to the defendant for his addiction to drugs and alcohol.

WHEREFORE, it is ORDERED that the defendant be detained pending further proceedings in this matter.

Signed: August 30, 2007

Dennis L. Howell
United States Magistrate Judge